Today we have a very interesting docket, but we also have traffic rules, and they are very simple to follow. Most of you are probably aware, but we would appreciate your observing them. The yellow light comes on when you have two minutes in your presentation. When the red light comes on, we ask you to conclude your remarks as quickly as possible. We also appreciate record citations, because we will not have become acquainted with the entire record before oral argument. Let me see. I think that's all I need to say. The first case of the morning is 18-20620, United States v. Brown. And we'll hear from Ms. Shepard. Ms. Shepard, please proceed. Please the court, Katie Shepard for Mr. Warren Brown. There are two issues in this case. One involves the guidelines calculations for supervised release. But since the government has agreed on all four prongs of plain error review, I don't plan to address that issue today. The primary contested issue is whether Mr. Brown's military conviction for sexual assault qualifies as a tier three or a tier one offense under SORNA and the sentencing guidelines. The parties agree that the only way his military conviction qualifies as a tier three offense is if it's comparable to federal sexual abuse as described in 18 U.S.C. section 2242. The two statutes are not comparable because 2242 requires knowledge as to the victim's incapacitation, but the military conviction requires only negligence. 2242's knowledge requirement is clear from the text and structure of the statute as well as Supreme Court precedent. On the first page of the visual aid I've provided to the court, the section 2242 is at the top and I have highlighted the word knowingly to illustrate how knowingly precedes all of the substantive elements that follow. And so as a matter of statutory construction, the government must prove not only the defendant knowingly engaged in a sexual act, but also that the defendant knew that the victim was incapacitated. Isn't it true though that the Fifth Circuit hasn't squarely ruled on this? Correct. There's no Fifth Circuit case that reaches this conclusion, but this court has found in other cases such as Urbina-Fuentes that when the unmistakable conclusion from Supreme Court precedent supports the error resolution, then the error can be plain. Well, I don't disagree with you that there's a strong argument for applying knowingly to all the elements, but I will also point out that the pattern jury charge is a little ambivalent about that. So the pattern jury instruction does include a comment that discusses a, what it calls a circuit split on the issue, but I would point out that there isn't a true circuit split in the sense of reasoned decisions on both sides. There are other pattern jury instructions that do not include knowingly as part of the element of victim incapacitation, but the circuits that have actually addressed the issue such as the En Banc Eighth Circuit in the Brugger decision have decided that knowingly applies to the incapacitation argument. But that case, when En Banc, five judges dissented, I mean, that just seems to me the definition of an issue that doesn't have an obvious answer. I think that the answer might not be obvious because it's the categorical approach and there's many steps that the court has to take to get to the conclusion, but when the court applies Supreme Court decisions in Alonis and Flores-Figueroa and Excitement Video and just like in Urbina-Fuentes is that knowingly applies to the substantive elements. And it would add to the statute. Alitoson It seems to me the sexual abuse statute is a lot different than Excitement Video because there's a preposition. So you have knowingly engages in a sexual act with another person. Everyone agrees knowingly applies to all of that. But then there's a preposition if that other person is incapable, et cetera. So doesn't the preposition break off the knowingly? O'Connell I don't think it does because of where knowingly is positioned before all of the substantive elements. So if you're looking at the statute, it's just the jurisdictional element that appears before knowingly, and then all of the substantive elements appear after knowingly. I do have the Excitement Video statute on the second page of the visual aid at the bottom. And in that case, knowingly is actually after the subsection one instead of before the subsection one like we have in the 2242 statute. And the Supreme Court still found that knowingly applied to subsections A and B despite it not being as clearly prefacing all the substantive elements like it does in the sexual abuse statute. I would also point out- There's a statute that said someone, say a penalty is for, said knowingly engages in fraud if the victim is a certain age. You would say knowingly applies to even the victim's age? Perhaps, but I do think sometimes in Supreme Court precedent there's an exception for age. I would also point out that fraud by itself would be unlawful conduct. But here, if knowingly doesn't extend to the victim's incapacitation, then it is sexual contact or sexual activity between adults, which is not inherently illegal the way that fraud would be. So that is where we, the Supreme Court does comment on that a number of times in those cases that I've cited where if the mens rea is what differentiates lawful from unlawful conduct, then that is where the presumption applies. I would also point out that the maximum penalty for the sexual abuse statute is life in prison. And the Supreme Court in Staples found that that was a factor that was important to concluding that the mens rea presumption does apply. In Staples, the maximum sentence was 10 years. And also in that case, the statute was actually silent as to mens rea and the Supreme Court read a mens rea into the statute in part because of the severe penalty. And as far as the dissent in Bruegger, I think that the dissent relies in part on some fairly subtle textual clues. And I would point out that in neighboring statutes that were enacted at the same time as 2242, Congress expressly dispensed with mens rea as to the victim's age. In 2241 and 2243, Congress included a subsection that said the government does not need to prove that the defendant knew of the victim's age or of the difference between the victim and the defendant. But here in 2242 enacted at the same time, there is no such express rejection of the default rule. Did you see the Ninth Circuit issued an opinion last month, a divided 2-1 opinion that held a similar statute, 2244, did not have the the knowingly did not extend to the defendant's or the victim's permission. Are you familiar with that? Yes. Doesn't that, I mean, because what you just said would have been true there, that it didn't have the age, the language saying knowingly does not apply to these additional elements. But yet the Ninth Circuit, again, in a divided opinion showing these are difficult issues, said knowingly did not apply across the board. Correct. 2244 has a two-year statutory maximum as opposed to a life statutory maximum. And that was one of the points that the concurring opinion in that case made. And even the majority opinion in that case made the point that this might be a different issue. We might reach a different result if we were dealing with a statute that had life in prison. But because it was two years, the court felt comfortable interpreting the statute the way that it did. I still don't understand why a statute is a statute, mens rea is mens rea. I don't understand why it's contingent on the length of incarceration. That might have been a make-weight argument, but I'm not, I mean, this probably helps your position, but I don't know why it's contingent on length of incarceration. Well, the default rule is that there is a mens rea that applies in criminal statutes. And so unless there's a clear congressional intent to dispense with that default rule, then the Supreme Court in many cases has applied the default rule. And I think that in Staples, for example, the court focused on the length of the maximum potential term of incarceration to indicate that Congress would not have intended to dispense with this default rule of mens rea when the penalty is so severe. Or perhaps put another way, Congress needs to speak a lot more clearly if Congress is going to dispense with the mens rea when the stakes are that high. And as far as the plainness of the error, I would also point the court to decisions in the Marroquin case, Guillen-Cruz and Silva de Hoyos. In those three cases, there were no Fifth Circuit cases on point and the court still found plain errors. In Marroquin, there was arguably an unpublished Fifth Circuit case that supported the government's position, and the court found a plain error based on a North Carolina statute, the guidelines and a Fourth Circuit case. In Guillen-Cruz, no court had ever addressed whether exporting munitions defense articles was an aggravated felony, but the court still found a plain error based on the plain language of the statute and even disagreed with the Fourth Circuit case. Well, we do it every day in sentencing, don't we? Yes, there are a lot of these complicated cases with categorical approach, unfortunately, and sometimes the errors are not noticed in the district court, unfortunately. And in the Silva de Hoyos case, the court recognized that was an issue of first impression, but still found a plain error based on other circuits' decisions. And in that case, the court also relied on a congressional intent argument where other federal benefits statutes had specifically listed possession with intent to distribute as a disqualifying offense, but because this statute didn't expressly list it, then they found, the court found that there was not that same intent. And that's similar to this case with the argument about 2241 and 2241. What would the, the fellow got an 18-month sentence, right? Correct. And how much of that time has he served? He's been in custody since June, so he's served 10 months now. About 10 months? About 10 months, yes. Okay. And I assume that if we were to come out the other way, he'd be out immediately? It would go back to resentencing, and the district court would decide with the new guidelines range of 10 to 16 months whether to impose 10 months, some other sentence, 18 months. That's what I couldn't remember. So it was 18 to 24, and now it's 10 to 6, and otherwise it would be 10 to 16? That's correct. Okay. That's correct. Thank you very much, Judge Schimms. If the court has no further questions, I've saved some time for a question. It's pretty straightforward. Thank you. Okay. Thank you, Judge Schimms. Ms. Atkins? Good morning, Ms. Court. Jessica Atkins for the United States. We are here on another plain error case. Atkins or Atkins? Atkins. Oh, sorry. That's okay. It happens a lot. Thank you, though, for asking. We're here on another plain error case, and as this court is well aware, it is the defendant's burden to show plain error, and it is intended to be reserved for exceptional circumstances. In this case, the defendant is challenging the Tier 3 sex offender status, and SORNA requires only that the predicate offense, in this case the military offense, be comparable. And what that means is it doesn't have to be identical, and it can be slightly broader. And so the government's response is really twofold in this case with regard to that. First is the legislative history of the military statute, which was passed by the same legislature, the United States Congress, supports that this is a comparable statute. And secondly, that the public defender is adopting a very rigid statutory construction, which is exactly what Justice Alito warned about in his concurrence in Flores, which is the main case that they are citing. The legislative history of the military statute says that it is, their purpose is to clearly define the offenses of rape, sexual assault, and sexual misconduct, and to pattern the elements of the offenses after the federal statute. And so what's different from Flores is Flores specifically said that it was confusing. The legislative history didn't really weigh for the government or for the defendant in that case. And in this case, we have specific legislative history that the same body that passed both offenses wants them to be patterned after each other with the same elements of the offense. And that is very different from the cases cited by a defendant in this case. Also, the Fifth Circuit cases that we do have also support our position in terms of the flexibility. These offenses don't have to fit in a box and fit perfectly. That's definitely not the law. And when you look at the chart that the public defender gave us, I see a lot of things that are very much the same. Knowingly committing a sex act, they both include the mental and physical impairment aspects. And quite frankly, we are supposed to have a commonsensical approach, and the spirit of this law is the same. It's to protect people that have had this crime committed upon them. They were unable to consent due to either a mental impairment or a physical issue. I don't think the rigid construction of this one word takes away from the spirit of the law and what this law was intended to protect. Well, the one word is you mean knowingly? Yes, ma'am. Well, that's a pretty significant word in criminal jurisprudence. It is. And I think if you look back at, there's been actually a lot of case law in the military courts recently with regard to this statute. And previously. I'll bet. Yes. And so the military was. What's the range of punishment for this offense? On the military? Yes, ma'am. Actually, I don't know that offhand, Your Honor. I do know he got 86 months and was charged with three cases. Well, I was going to say, if you say they're comparable, you might expect that the range in the military is similar to the range under 2242. Well, I will tell you this. What the legislative history shows is that every time there's a change in the federal law in terms of statute limitations, things being taken off the law, when Lawrence v. Texas came out and struck down the sodomy law, the military code immediately takes it off. You see them as soon as the federal offenses changed their statute of limitations, the military tries to stay in step with that. The legislative history is enormous. There's over 800 documents. This statute was passed in 1982. But on the other hand, I mean, you can clearly see why, particularly in the state of Texas, should have known is a very important phrase in expanding criminal liability there. I think it's an important phrase for anyone. It is now been found to be negligence. It's a two part. Previous to about two weeks ago, the four military courts of appeals were treating it as reckless. And until McDonald came down last, about two weeks ago from the U.S. Court of Appeals for Armed Forces in D.C., they were looking at another statute that was general intent, but then looked at this statute and says it does have both elements, the knowingly and the negligence. And I guess, you know, this all goes to our second issue and that these are hotly contested issues, but it does backtrack into our first issue that they are comparable. The knowing and the government's position as it was in the Eighth Circuit is that the federal sexual abuse statute knowingly does not apply to the incapacity of the victim, and so, therefore, that federal statute is actually encompasses more conduct than the military statute. And I think, Your Honor, in our briefing, we did say that also because of the mental and physical parts of the statute. And really, I've just — I'm new to this case and have been reading a lot of the military cases. And that's where I'm getting that, the knowing and negligence are very recent cases from the military courts of appeals. And so, I think this just goes back to the second prong that these issues are in flux and that some courts are treating it knowingly, applying to every element, like you see in Flores and Brugere. And then we have Price. And Price is important, too, because Price is saying sexual abuse cases are different. There's a public policy there. And if we were to say that — to go with the opinions in Flores and Brugere, we're defeating Congress's stated purpose, which is actually to expand the ability of the military and the United States to file these sexual assault cases. And so, I think that's why you see the difference is Excitement Video and Flores both, had they gone with the government's argument, it would have led to what they call the absurd result. And that means that that technically wouldn't have been a crime. And that's what Price highlights. That's not the case here. And for our purposes, it's negligible, the difference. We're saying it's comparable. I'm saying it's very similar. What do you do with the fact that the surrounding statutes, basically the statutory rape statutes, expressly say, and there is no mens rea as to age? Your Honor, I find those statutes are very interesting. And I think if you look back, they mirror what a lot of the states do. That's a strict liability. The government doesn't have to prove age. And as the public defender correctly pointed out, age is a critical issue in those cases. It's a critical element, 12-year-old, 14-year-old, once you get to 17, 18. And I don't think that that analysis is necessarily comparable to this. We're talking about a subset of showing how someone is incapable of giving consent. The age is very different. And so, I don't know if those cases are exactly on par, and I don't think that we to say under 14 versus under 12, which was, I believe, the case in Brugiere. But the defendant's point is, if Congress in those statutes expressly said, no mens rea as to age, that differentiates this statute, and then you would apply the mens rea across all elements. It's an excellent point. And then you have the counter-argument to that, that they originally put it in, and then possibly took it out, thinking it was clear. And I'm sure there's a joke we can insert about Congress trying to be clear. And so, there's arguments both ways. And so, I think that's, again, on the second prong, while we can say it isn't clear, but what I can tell you is, doing research on the military side, it is clear that the legislative history of that statute is that it is supposed to be on par with this. Well, let me ask you a dumb question. Is it possible to engage in a sexual act with another person not knowingly? As of the defendant? Yes. So, knowingly has to bear some weight. And therefore, it most reasonably bears weight as to the nature of the person on whom the sexual act is performed, right? Of course. And I would never stand up here and say that any of these, the sex act doesn't need to be committed. So, I mean, I'm just looking at this, I thought, through the lens that we have been required to of the categorical approach. And so, I think the best argument is that knowingly has got to refer to the nature of the victim's capacity. But in the military code, there's definitely both a known and a knowingly and a negligent standard. Ipso facto under the categorical approach, right? And, Your Honor, that's a reasonable interpretation. And another one is, from the dissent in Brugiere and Price, is that Congress made a shift to focus, no longer focusing on what the defendant knew about the victim, but focusing on the victim. And that's why some statutes don't even have them knowing that they should have known. And you see that in the policy dissent. It's more important than the defendant's knowledge. And that's in Brugiere talking about the legislative history. And so, it's not taking away from the knowing intent to commit the sex act. It's just saying the additional element about the consent or incapacitation, as you will. And so, I think it just makes it not quite as strong. Again, we're in an area that's not quite so clear. But I don't think it necessarily prevents us from saying these are comparable statutes. There's a question to be made whether, you know, the mental state, by adding the negligence, takes it out of the realm. But I would point this Court to its own cases in Coleman and Young. And Coleman was similar in terms of a state statute that had the language of intent to abuse. And this Court found it was analogous to an aggressive intent. And so, you know, I think we have to be specific on each case. We don't take the general rule from Flores. I think that we're seeing a lot of cases say, look specifically, legislative history is very important, as well as statutory construction. But together, those two things should lead us to that conclusion. And in this case, I think at minimum, the government is asking and feels like it has shown that there is no plain error because it's clearly up to reasonable debate. And secondly, that we have this specific plain language from the United States Congress that passed both statutes saying we want these elements of the offense to mirror the federal statute. And on that, I'll give you back your time. If you don't have any more questions, I'm going to ask you to affirm the issue and the defendant's sentence. Thank you. Thank you. Okay, Ms. Shepherd. Just a couple of points. Under the government's reading of 2242, there would be no mens rea as to the victim's incapacitation. And so a defendant would be subject to up to life in prison based on strict liability for engaging in knowing sexual activity with an adult who is incapacitated, even if the defendant genuinely believed that the victim was capable of consenting or reasonably believed that the victim was capable of consenting. So there is no standard of responsibility on the general public than in the military statute, which requires at least negligence. As far as the question about the punishment for the military conviction, I believe the statute says that the court-martial can impose whatever sentence the court-martial deems appropriate. Just to answer that question. And then as far as the, just one final point about the— That's a little misleading because there are a lot of consequences attendant to a court-martial conviction that are built into the system. Such as if you're confined for the first day, you're reduced to the lowest enlisted rank. For example, an enlisted person. So you have a senior master sergeant and he's convicted. The fact that he serves three days in the brig, he goes all the way to the lowest grade. And that is a huge consequence, too. So that there are, whether you have the characterizations of undesirable discharge, bad conduct discharges, et cetera, and dishonorable discharges which would attend this. So those are consequences that lie out there, period. That don't, are keyed and indexed necessarily to the underlying criminal conviction itself. I understand. And yeah, I think my point was just that in Congress, it would make more sense for Congress to impose a higher standard for military members than for the general public if there is a difference. I understand you are, but I have some difficulty with plainness. I understand that that's the big problem in this case, but I do think under the Supreme Court precedent, the answer is clear and therefore plain. Because that is the unmistakable conclusion for Malonis. The government hasn't cited any cases where the Supreme Court has not applied the presumption of mens rea and criminal statutes because it is so important and fundamental. And as far as the difference between knowledge and negligence, that is also fundamental and very important. And the Coleman case, I would point out. But it does seem, I mean, courts don't go on bonk on obvious questions. So the Eighth Circuit goes on bonk. Not only do they go on bonk, then they divide. I think it was 6-5. Maybe, I think the 6-5 was the vote. I mean, as close as the vote can be. I just have trouble getting, saying it's obvious when there's as close a vote as you can get on an en banc court on the very question we're talking about. Right, and I do, I think it is clear. Sometimes, sometimes the dissenters on en banc are just plainly wrong. The majority is just plainly wrong. But apart from that. That's what we have in this case. The dissenters were plainly wrong. That case also was in 2013. Congress has not amended the statute in response to that decision. And just one final point, if I could, about the Coleman case with the slightly broader standard. Coleman is an unpublished decision. And after that case in Young, the court made it clear that the categorical approach does apply. So I'm not sure that that slightly broader standard survives Young. But there's nothing slight about the difference between knowledge and negligence. So even if that is the standard, then I think there's a gulf between knowledge and negligence. If there are no further questions, we'd ask that you remand for resentencing. Okay, thank you.